UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Muhumed N.S.,

    Petitioner,

v.

William P. Barr,
*Attorney General,* et al.,

    Respondents.

Case No. 20-cv-1740 (MJD/DTS)

**REPORT AND RECOMMENDATION**

---

Muhumed N.S., *Pro Se* Petitioner

Ana H. Voss, Ann M. Bildtsen, and Gregory Brooker, Assistant U.S. Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota, 55415, for Respondents

---

On August 10, 2020 Muhumed N.S. filed a habeas petition under 28 U.S.C. § 2241 seeking release from detention pending his removal to Somalia. Docket No. 1. The Government filed a Response on September 17, 2020 [Docket Nos. 5-6] stating that he was in the process of being transported to Somalia, and filed a Supplemental Response on October 1, 2020 [Docket Nos. 7-8] confirming his removal and attaching a copy of the executed Warrant of Removal/Deportation. Second Decl. of Richard Pryd, Jr. ¶¶ 4-5 and Ex. A, Docket Nos. 8, 8-1.

Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). "When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court

can no longer grant effective relief, the case is considered moot." *Id.* (internal quotation marks omitted). Mootness deprives the Court of the power to act; there is nothing for the Court to remedy. *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Muhumed N.S. has been removed from the United States, and thus his habeas petition is moot. *See Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292, 2010 WL 5141803, at *12 (D. Minn. Dec. 13, 2010) ("To the extent that the Court could construe [petitioner's] request for relief as a reviewable habeas claim relating to his ICE detention, however, ICE's removal of [petitioner] from the United States renders any such claim moot.") (citing cases). Mootness deprives the Court of jurisdiction in this action.

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS THAT Muhumed N.S.'s Petition for a Writ of Habeas Corpus [Docket No. 1] be DENIED AS MOOT and this action be DISMISSED WITHOUT PREJUDICE.

Dated: October 8, 2020

s/ David T. Schultz<br>
DAVID T. SCHULTZ<br>
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).